By the Court :
We entertain no doubt but that upon an execution, in a case like that against Ward, the defendant, if arrested, may surrender land to the sheriff in discharge of his body. This surrender the sheriff may accept, and when accepted the effect of the proceeding is the same as that of a levy. It is a legal appropriation of the land to satisfy the execution. *No subsequent disposition of it, by the defendant, can pass a title so as to defeat and divest the interest attached by the execution and the proceeding on it.
We think, too, that judgments for pecuniary fines are debts due the state, within the meaning of the law authorizing, in such cases, the sale of lands without valuation, and that lands, surrendered to obtain a discharge of the body seized in execution, are to be sold in the same manner as if levied upon by the sheriff in the first instance.
The description of the land is in general terms. Seventy acres, being and lying in the southwest corner. The defendant contends that this description is so vague and uncertain as, for that reason, to be void and inoperative. On the other hand, the plaintiff contends it is a good description to convey seventy acres of land, commencing in the southwest corner, and extending on the west line to the northwest corner in an oblong square. Neither of these constructions can be maintained.
The general position of the land conveyed is given with suffi *308 cient certainty. It is in the southwest corner. According to the rules of decision, both in this state and in Kentucky, that corner is a base point from which two sides of the land conveyed shall extend an equal distance, so as to include, by parallel lines, the quantity conveyed. From this point the section lines extend, north and east, so as to fix the boundaiy west and south; the east and north boundaries only are to be established by construction, and the rule referred to gives them with sufficient certainty.
It is argued for the lessor of the plaintiff, that the court, performing in this case the functions of a jury, are to decide not only the construction of the deed but the intention of the parties. Where there is no ambiguity in the description the construction of the terms employed is matter of law, independent of the intention of the parties. And here, upon legal principles, there is no ambiguity. Had the description been “ seventy acres on the west side of the quarter,” the whole west line must have been considered the base line of the tract, and the quantity laid out in an oblong square. It would have been a violation of the plain legal sense of the terms used, to lay out the land in a square, *at either corner, upon parol proof that such was the intention of the parties. So, in this case, no proof can justify us in giving an interpretation, by which terms, that locate the land in a square at the southwest corner, shall be made to locate it on the west side. The plaintiff must have judgment for so much of the land in dispute, as may be included by a line, north from the southwest corner, such a distance that the parallel lines of a square with four equal sides will include seventy acres.

Note by the Editor. — See, as to description in sheriff’s deed, iii. 272. (“ The Eive Points.”) Parol proofs may he introduced to identify the description in the levy with that in the deed, iii. 272; v. 522; vi. 536; xvi. 16, and cases cited.